IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS JAMEZ LEWIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-1691 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Marcus Jamez Lewis (TDCJ #01955358), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2014 state court conviction for possession of a controlled substance. Respondent Lorie Davis has answered with a motion for summary judgment, arguing the petition should be dismissed without prejudice as a mixed petition. (Docket Entry No. 7). Lewis has responded. (Docket Entry No. 9). After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion for summary judgment and dismisses the case for the reasons that follow.

**I.   Background and Claims**

Lewis is presently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) as the result of a felony conviction in Harris County Cause Number 1398109. A grand jury returned an indictment against Lewis for possession of a controlled substance, namely, cocaine, in an amount greater than one gram but less than four grams. The indictment further contained two enhancement paragraphs alleging prior felony convictions. Following a trial, a jury found Lewis guilty

as charged in the indictment. On September 24, 2014, after finding both enhancement paragraphs to be true, the trial court sentenced Lewis to forty-five (45) years' imprisonment.

On direct appeal, Lewis raised five points of error: (1) the trial court improperly denied his request for self-representation; (2) the trial court failed to conduct a competency inquiry; (3) trial counsel rendered ineffective assistance when he failed to file a motion to suppress; (4) the trial court erred in denying his motion for a new trial; and (5) the trial court erred in denying his request for a jury instruction. On January 7, 2016, the Fourteenth Court of Appeals of Texas affirmed Lewis's conviction. *Lewis v. State*, No. 14-14-00779-CR, 2016 WL 93760 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (mem. op.).

Subsequently, Lewis petitioned the Texas Court of Criminal Appeals for discretionary review. Lewis argued the appellate court erred only with regard to his claim that the trial court denied him the right to self-representation. On May 4, 2016, the Court of Criminal Appeals refused Lewis's petition. *Lewis v. State*, No. PD-0117-16 (Tex. Crim. App. 2016).

On August 8, 2016, Lewis filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, asserting trial court error and ineffective assistance of counsel as grounds for relief. (Docket Entry No. 1, at 4). On August 25, 2016, the trial court ordered trial counsel, Ted R. Doebbler, to file an affidavit in response to Lewis's ineffective-assistance-of-counsel claims. To date,

Lewis's application remains pending in the 182nd District Court of Harris County, Texas, and has not been forwarded to the Court of Criminal Appeals for resolution.[1]

On June 5, 2017, this Court received Lewis's federal petition, in which he raises the following grounds for federal habeas relief:

1. The trial court denied him the right to self-representation.

2. He received ineffective assistance of trial counsel because:

   a. he had an actual conflict of interest with counsel;

   b. counsel failed to investigate;

   c. counsel failed to interview witnesses;

   d. counsel failed to file a pretrial motion to suppress and conduct discovery; and

   e. counsel failed to object to an improper enhancement at sentencing.

(Docket Entry No. 1, at 6–8). The respondent argues the petition should be dismissed without prejudice as a mixed petition.

## II. The Issue of Exhaustion

The threshold issue is whether Lewis has exhausted his state court remedies as required for this case to proceed. Under 28 U.S.C. § 2254(b)(1) and (c), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. *See Nobles v. Johnson*, 127 F.3d 409, 419–420 (5th Cir. 1997); *see also Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a

---

[1] Relying on an affidavit from the Clerk of the Court of Criminal Appeals, the respondent asserts Lewis has not filed an application for state writ of habeas corpus. (Docket Entry No. 7, at 3, 6; Docket Entry No. 7-1). However, this Court verified with the Harris County District Clerk's Office that Lewis has filed a state writ application in the convicting court. *See generally*, Harris County District Clerk Website, http://www.hcdistrictclerk.com.

3

petitioner is required to exhaust all state procedures for relief.") (citing *Orman v. Cain*, 228 F.3d 616, 619–20 (5th Cir. 2000)). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. *Nobles*, 127 F.3d at 420 (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). This exhaustion requirement is based on the precept of comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Federal courts follow this principle to afford the state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights." *Id.* Therefore, a habeas petitioner must pursue all of his state court remedies before presenting his constitutional claims in a federal petition. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

This Court should not adjudicate a federal writ application while habeas claims remain under review by the state courts. *See Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); *see also Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("[F]ederal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids."). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Moreover, if a habeas petition contains both exhausted and unexhausted claims, it is a "mixed" petition, which

4

should be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

Lewis's petition contains both exhausted and unexhausted claims. He has properly exhausted only his first ground for relief—that the trial court denied him the right to self-representation—by raising it on direct appeal and in his petition for discretionary review. Because Lewis's state writ application is still pending in the trial court, he has not presented his remaining ineffective-assistance-of-counsel claims to the Texas Court of Criminal Appeals. Consequently, these claims are unexhausted.

Because state process remains available, Lewis does not satisfy any statutory exception to the exhaustion doctrine. Lewis's federal petition is dismissed without prejudice for failure to exhaust all claims, as required by the provisions of 28 U.S.C. § 2254. Lewis may refile a federal habeas petition after exhausting his state remedies, subject to the time requirements under 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For these reasons, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 7), is **GRANTED.**

2. Lewis's petition is **DISMISSED WITHOUT PREJUDICE** as a mixed petition.

3. A certificate of appealability is **DENIED.**

SIGNED at Houston, Texas, on  OCT 1 1 2017.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE